
RECEIVED
JUL 11 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
#### MINNEAPOLIS DIVISION

| | | |
|---|---|---|
| Ryan William Alvar, | ) | Case No.: 25-CV-2792 |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| State of Minnesota, et al., | ) | |
|   Defendants. | ) | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Ryan William Alvar, pursuant to Federal Rules of Civil Procedure 65, respectfully moves this Court for an Emergency Temporary Restraining Order (TRO) and Preliminary Injunction to enjoin Defendants, including the State of Minnesota, its courts, and agents acting under color of state law, from enforcing a contempt incarceration order issued on July 10, 2025 in St. Louis County Family Court, Case No. 69DU-FA-24-551, by Chief Judge Leslie E. Beiers.

**BASIS FOR EMERGENCY RELIEF**

Plaintiff is scheduled to appear in state court on Monday, July 14, 2025, where he faces 90 days of incarceration for refusing to remove from his website a Guardian ad Litem (GAL) report—a report he lawfully obtained and shared as part of his public advocacy on family court reform. The state contempt order is an unconstitutional prior restraint that violates the First and Fourteenth Amendments of the United States Constitution.

SCANNED
JUL 11 2025
U.S. DISTRICT COURT MPLS

No protective order was ever entered under Minn. R. Civ. P. 26.03, no compelling state interest has been identified, and the only legal basis cited was a blanket designation of confidentiality made by a lower court without analysis. Plaintiff's speech concerns the conduct of a government actor (the GAL) and is a matter of public concern.

Plaintiff will suffer immediate and irreparable harm without intervention from this Court. He respectfully requests a TRO restraining enforcement of the contempt order pending resolution of this matter.

This request is not made lightly. Plaintiff recognizes that federal intervention in a state custody-related matter is extraordinary. However, this case presents precisely the kind of constitutional emergency that warrants such relief. Recent publicly documented tragedies—including the Travis Decker case in Washington, in which a father killed his three daughters during a routine custody visit—highlight the devastating consequences of courts failing to act. In that case, the mother had repeatedly raised concerns about the father's mental health, but the courts never intervened.

Here, Plaintiff is doing what that mother did—raising concerns and asking for help before irreversible harm occurs. Plaintiff is the one who called 911. Plaintiff is the one who petitioned the court for custody. Plaintiff is the one fighting day after day to protect his children. But the very court that is supposed to help them has instead failed both them and him.

The public has a right to know this. It is our duty as citizens of this nation to confront systemic abuse. As citizens, it is we who make the laws through our elected officials—and it is we who must follow them. Our courts are not above us; they must follow the same laws. And when they don't, we not only have the right—we have the duty—to report it.

The contempt order and the jail threat issued by the state court violate Plaintiff's rights under the United States Constitution and the Minnesota Constitution. These threats and restrictions infringe on his liberty, his family integrity, and his ability to speak and advocate on matters of public importance.

Additionally, at the July 10, 2025 hearing, Chief Judge Beiers granted opposing counsel, Mr. Shawn Reinke, the ability to submit a request for fees and costs associated with filing the contempt motion. Plaintiff reasonably believes that amount to be $10,000, based on Respondent's previously submitted request. The threat of financial sanctions, in addition to incarceration, for engaging in constitutionally protected speech further underscores the retaliatory and punitive nature of the court's actions.

On July 10, 2025, immediately after the contempt hearing, Plaintiff filed an Emergency Petition for Writ of Habeas Corpus and Motion for Immediate Stay in St. Louis County District Court. As of the filing of this federal motion, Plaintiff has not received any ruling or response from the state court. Given the urgency of the incarceration threat and the lack of timely relief from the originating court, Plaintiff respectfully seeks emergency intervention from this Court.

**REQUESTED RELIEF**

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining Defendants, including the State of Minnesota and its agents, from enforcing the contempt incarceration order issued on July 10, 2025;
2. Grant a Preliminary Injunction based on the facts and exhibits submitted herein, without a hearing, should the Court find that further proceedings are unnecessary to determine immediate

entitlement to relief;

3. Set a hearing on Plaintiff's request for a Preliminary Injunction at the earliest possible opportunity, if the Court determines that such a hearing is appropriate;

4. Grant any further relief this Court deems just and proper.

Respectfully submitted,

July 11, 2025

_____

Ryan William Alvar
Parent and Plaintiff, Pro Se
310 4th Avenue South
Suite 5010-94188
Minneapolis, MN 55415
Cell: (651) 707-6812
Email: ryanalvar@ryanalvar.com

## EXHIBITS ATTACHED

**Exhibit A** – Declaration of Petitioner Regarding July 10, 2025 Hearing (submitted in lieu of court transcript)

**Exhibit B** – 030625 Temporary Order (Judge Neo's February 28, 2025 temporary order)

**Exhibit C** – 042125 Responsive Affidavit of Petitioner (April 21, 2025 responsive affidavit)

**Exhibit D** – 051525 Reserved Order (Judge Hopps's May 13, 2025 order – reserving contempt)

**Exhibit E** – Emergency Petition for Writ of Habeas Corpus and Motion for Immediate Stay (Filed July 10, 2025)

**Exhibit F** – Redacted Guardian ad Litem Report (Published by Plaintiff)