UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ryan W. Alvar, | No. 25-cv-2792 (KMM/LIB) |
| Plaintiff, | |
| v. | |
| State of Minnesota; St. Louis County; City of Duluth; Douglas County; City of Superior; Judge Shawn Pearson; Referee Kathryn Bergstrom; Child Support Magistrate Clarissa Ek; Judge Nicole Hopps; Judge Theresa Neo; Guardian ad Litem Jordan Mae Dokken; Landreville & Schwandt, P.A.; Alexander M. Landreville, Attorney; Katelynn Schwandt, Attorney; Reinke, Taylor, PLLC; Shawn C. Reinke, Attorney; Victoria M.B. Taylor, Attorney; Johnson Turner PLLC; Katie M. Jarvi, Attorney; Safe Haven Shelter and Resource Center; Justice North Civil Legal Aid; Domestic Abuse Intervention Program; Amy Jo Schmidt; Kartta Group; Sara Bovee; Ashlan Mahan; Chief Judge Leslie Beiers; | **CASE MANAGEMENT ORDER AND ORDER ON MOTIONS** |
| Defendants. | |

---

This matter is before the Court on Plaintiff Ryan M. Alvar's motion for reconsideration of this Court's Order dated October 14, 2025 ("October 14th Order"). and Mr. Alvar's appeal/objection of Magistrate Judge Leo I. Brisbois' Order dated October 24, 2025 ("October 24th Order"). Pl.'s Motion to Reconsider (Dkt. 67); Pl's Appeal/Objection (Dkt. 81). This matter is also before the Court on Mr. Alvar's November 5, 2025 motion for a temporary restraining order prohibiting St. Louis County and state agencies from

pursuing certain enforcement actions regarding unpaid child-support obligations. Pl.'s Second TRO Mot. (Dkt. 85).

## *Motion to Reconsider*

On October 14, 2025, this Court entered an Order denying Mr. Alvar's motion for preliminary injunctive relief, dismissing his claims seeking declaratory and injunctive relief without prejudice, and staying this action as to Mr. Alvar's damages claims. The Court found that it should abstain from exercising jurisdiction over Mr. Alvar's claims for injunctive relief under *Younger v. Harris*, 401 U.S. 37 (1971), because doing so would interfere with Mr. Alvar's ongoing state court child-custody proceedings.

In his motion for reconsideration, Mr. Alvar asks the Court to vacate the portion of the Order applying *Younger* and to decide the State Defendants'[1] motion to seal (Dkt. 18) on its merits. A party seeking reconsideration of an order must first obtain the court's permission to file a motion for reconsideration. D. Minn. LR 7.1(j). "A party must show compelling circumstances to obtain such permission." *Id*. That is because motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Indeed, a motion to reconsider "should not be employed to relitigate old issues but to afford an opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909–10 (D. Minn. 2009) (quoting *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*,

---

[1] "State Defendants" refers to Defendants Kathryn Bergstrom, Jordan Mae Dokken, Clarissa Ek, Nicole Hopps, Theresa Neo, Shawn Pearson, and the State of Minnesota.

838 F. Supp. 1346, 1348 (D. Minn. 1993)). Based on the Court's careful review of Mr. Alvar's motion and his supporting memorandum (Dkt. 68), the Court finds there are no compelling circumstances for reconsidering the October 14th Order. Mr. Alvar does not identify any newly discovered evidence, nor has he shown the Court's Order contains any manifest errors of law or fact. Therefore, the motion for reconsideration (Dkt. 67) is **DENIED**.

### *Appeal of Order on Motion to Seal*

When Mr. Alvar filed this case and moved for preliminary injunctive relief, he filed a report prepared for his state court custody matter by Guardian ad Litem Jordan Mae Dokken as Exhibit F. Dkt. 6 at 29–51. The version of the report he filed contains minimal redactions of the dates of birth of his minor children. This is the same report that the state court determined was confidential and ordered Mr. Alvar to remove from his advocacy websites and otherwise refrain from disclosing publicly. *See, e.g.*, Am. Compl. ¶¶ 55–56 (Dkt. 26); Pl.'s Mot. for Temporary Restraining Order (Dkt. 5). On August 19, 2025, the State Defendants filed a motion asking the Court to place docket entry No. 6 under seal and requiring Mr. Alvar to publicly file a new version of the documents at that docket entry that does not contain the Guardian ad Litem report. State Defs.' Mot. to Seal (Dkt. 15).

On October 22, 2025, Judge Brisbois entered an Order ("October 22nd Order") granting the State Defendants' motion to seal. Order (Oct. 22, 2025) (Dkt. 70). The following day, Mr. Alvar filed a motion asking Judge Brisbois to reconsider that decision. Pl.'s Mot. to Reconsider (Dkt. 73). Judge Brisbois denied that motion in an Order dated

October 24, 2025. Order (Oct. 24, 2025) (Dkt. 78). Mr. Alvar now objects to the October 24th Order pursuant to Fed. R. Civ. P. 72 and D. Minn. Local Rule 72.2(a).

The standard of review applicable to a nondispositive order is "extremely deferential," and the October 24th Order will be reversed only if it is "clearly erroneous or contrary to law." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). Clear error exists when, on the entire record, the reviewing court has "the definite and firm conviction that a mistake has been committed," and the decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citations omitted).

The Court finds that Mr. Alvar has failed to show that the October 24th Order is clearly erroneous or contrary to law. First, Mr. Alvar argues that the October 24th Order conflicts with the October 22nd Order. Mr. Alvar seizes on an evident typographical error in the third numbered paragraph on page 7 of the October 22nd Order. That paragraph reads as follows: "As soon as practicable and in any event by no later than November 12, 2025, Plaintiff shall file a redacted version of the 'Guardian ad Litem Family Court Report,' Exhibit F, removed from the Exhibits." Order (Oct. 22, 2025) at 7 ¶ 3. In the October 24th Order, Judge Brisbois explained that "the original Docket No. 6 and Exhibits have been placed under continued seal. So that the remainder of Plaintiff's exhibits remain publicly available, Plaintiff has been directed to publicly file a version of Docket No. 6 with Exhibit F removed, and as required by Local Rule, personal identifier information should be redacted from the other Exhibits." Order (Oct. 24, 2025) at 3–4. To the extent Mr. Alvar

4

was previously confused about how to comply with both because of a typographical error in the October 22nd Order, that confusion should no longer exist.

Next, Mr. Alvar argues that the October 24th Order fails to provide specific findings or a hearing as required by *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984). Appeal/Objection at 2. This objection is overruled. *Press-Enterprise* concerns a state court's decision to close its courtroom to the public for all but a few days of a six-week voir dire process in a rape and murder trial. 464 U.S. at 503–05. The decision concerns the presumption that criminal trials are open to the public and the balance that must be struck when courts determine whether the press and the public can be barred from a criminal trial. *Id.* at 509–10 ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."). This is not a criminal case and *Press-Enterprise* does not compel a different outcome. Judge Brisbois applied the governing legal standard for determining whether documents filed in federal court in a civil case can be sealed. Moreover, he fully explained his reasoning for finding that the Guardian ad Litem report should remain under seal. His decision was neither clearly erroneous nor contrary to law.

Mr. Alvar's remaining contentions lack merit.[2]

---

[2] Mr. Alvar argues that the October 24th Order "imposes a total sealing remedy contrary to the First Amendment's narrow-tailoring requirement," "mischaracterizes Plaintiff's motion as reargument instead of a compliance request," and "expands sealing sua sponte to additional filings without motion or analysis." Appeal/Objection at 1–2.

Accordingly, Mr. Alvar's Appeal/Objection (Dkt. 81) is **DENIED** and the October 22nd (Dkt. 70) and October 24th (Dkt. 78) Orders are **AFFIRMED**.

### *Motion for Temporary Restraining Order*

In Mr. Alvar's state court proceedings, he was ordered to pay child support. In May 2025, Mr. Alvar received a notice from St. Louis County Public Health and Human Services that the agency would be filing claims to collect past-due child-support payments and that the Minnesota Department of Revenue would withhold up to the claimed amount from any income tax return, homeowner tax refunds, or lottery prizes over $600. Pl.'s Exs., Ex. A (Dkt. 87). He also received a notice that the County submitted his arrearage for administrative offset and federal tax refund offset programs. *Id.,* Ex. B. In June 2025, the County informed Mr. Alvar that it intended to report his arrearage to credit bureaus and advised him that failure to pay a court-ordered child-support obligation could result in suspension of a driver's license, seizure of funds held in a financial institution, denial of a passport, suspension of recreational licenses, interception of tax refunds, and suspension of any professional licenses. *Id.,* Exs. C–D. In July 2025, the County informed him that it intended to suspend any occupational licenses. *Id.,* Ex. E. By September, Mr. Alvar's unpaid balance exceeded $11,000. *Id.,* Ex. F. And on October 20, 2025, the Minnesota Department of Public Safety sent him a notice that his driver's license and privilege to operate a motor vehicle would be suspended as of November 7, 2025 for his failure to make child-support payments. *Id.*, Ex. G.

On September 4, 2025, the state court held a hearing in Mr. Alvar's case. Mr. Alvar states that at that hearing "Judge Nicole Hopps acknowledged that the child-support portion

of [his] case must be reopened, yet no order has been issued." Alvar Decl. ¶ 2 (Dkt. 86). Mr. Alvar states that on July 30 and October 31, 2025 "St. Louis County Child Support staff confirmed that their agency has no mechanism to stop enforcement absent a court order." *Id.* ¶ 4 (emphasis removed). He was told that his "only option to avoid enforcement was to pay the full balance of nearly $12,000." *Id.* ¶ 5.

In his motion in this Court, Mr. Alvar asks the Court to issue a temporary restraining order enjoining the Minnesota Department of Human Services, St. Louis County Social Services, and Department of Public Safety from: suspending his driver's or professional licenses; reporting or publishing alleged arrears to any credit bureau; and collecting through revenue recapture, tax refund intercept, or other enforcement mechanisms. Proposed Order (Dkt. 88). Mr. Alvar argues that he is likely to succeed on the merits because "continued enforcement of an order that the state itself has deemed defective violates due process," and he faces irreparable harm because suspension of his licenses and harm to his credit score "cannot be undone by later payment or court order." Mem. at 3–4 (Dkt. 85).

Mr. Alvar's motion is denied. He has failed to demonstrate a likelihood of success on the merits of any claim asserted in his Complaint. As the Court has already explained, it declines to exercise jurisdiction over his claims for injunctive relief under *Younger* because his state court proceedings have not concluded. Nothing in this motion changes that assessment. In addition, the Court notes that Mr. Alvar's context-free assertion that the state court judge indicated his child support case would need to be reopened provides no basis for the Court to conclude that Mr. Alvar lacks recourse to litigate his claims in the

state courts about the legitimacy of the order requiring him to pay child support. Nor does he provide any support for his assertion that "the state itself has deemed [the child-support order to be] defective." Mem. at 3.

Accordingly, Mr. Alvar's motion for a temporary restraining order (Dkt. 84) is **DENIED**.

### *Case Management*

Although the Court has stayed this matter pending completion of the state court proceedings, Mr. Alvar continues to submit requests for this Court's intervention. The Court's previous rulings regarding *Younger* continue to restrain the court's jurisdiction in this matter. The Court is mindful that Mr. Alvar's filings impose burdens on the Defendants that are unnecessary given this case's current procedural posture. Going forward, until the Court lifts the stay in this matter, Defendants are under no obligation to respond to future filings by Mr. Alvar unless instructed to do so by the Court.

**IT IS SO ORDERED**.

Date: November 6, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

8